# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

MARCOS PASAYE,

        Plaintiff,

vs.

STATE OF NEVADA, *et al.*,

        Defendants.

Case No. 2:17-cv-02574-JAD-VCF

**ORDER**

MOTION TO AMEND [ECF NO. 29]

Before the Court is Plaintiff Marcos Pasaye's Motion for Leave of Court to File First Amended Complaint, Extended Complaint, and Motion to Order Service. (ECF No. 29). For the reasons discussed below, Plaintiff's motion is granted.

## BACKGROUND

Plaintiff was an inmate at High Desert State Prison when this case began. (ECF No. 1 at 3, ECF No. 1-1 at 1). Plaintiff was granted *in forma pauperis* status in this case. (ECF No. 18). Plaintiff was paroled and released from prison on April 1, 2019 (ECF No. 26; ECF No. 27 at 1), one week before he filed his motion to amend his complaint (ECF No. 29).

Plaintiff originally filed a complaint against Defendants the State of Nevada, the Nevada Department of Corrections ("NDOC"), James Dzurenda, Brian Williams, Jennifer Nash, and Calderin. (ECF No. 7 at 1-2). The Court dismissed the State of Nevada and NDOC from the case. (ECF No. 6 at 9). The Court allowed the claims for First Amendment free exercise of religion, RLUIPA violation, Fourteenth Amendment equal protection, and First Amendment retaliation against Dzurenda, Williams, Nash, and Calderin to proceed. (ECF No. 4-7, 9).

1

Plaintiff's proposed amended complaint contains the four claims that the Court previously allowed to proceed, though the amended complaint adds in facts and new Defendants. (ECF No. 29-1 at 6-17). The amended complaint adds Defendants Brian Sandoval (Governor of Nevada), Adam Laxalt (Attorney General of Nevada), Steve Sisolak (Governor of Nevada), Aaron Ford (Attorney General of Nevada), Richard Snyder (Chairman of NDOC's Religious Review Team), and K Thomas (second level grievance responder at NDOC). (*Id.* at 3-4). Plaintiff asserts that these new Defendants were involved in creating and enforcing the discriminatory religious policies at issue in the case. (*Id.* at 3-17). The amended complaint also adds state law claims for negligent training supervising, and controlling; negligent infliction of emotional distress; and intentional infliction of emotional distress against Defendants, based on the same conduct at issue in Plaintiff's federal law claims. (*Id.* at 18-22). The proposed amended complaint includes an appendix of exhibits. (ECF No. 29-2).

Plaintiff asserts that his proposed amended complaint restructures his claims for ease of reading, adds important facts, and adjusts his request for relief. (ECF No. 29 at 2). Defendants did not oppose the motion for leave to amend.[1]

## DISCUSSION

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). In addition, under LR 7-2(d),

---

[1] The Court notes there is some potential confusion regarding whether Plaintiff served the motion on Defendants. Plaintiff attached a certificate of service to the motion (ECF No. 29 at 5), but asks in his motion that the Court "order service of…this instant motion to the defendants by the US Marshal Service" (*Id.* at 2).

2

"[t]he failure of an opposing party to file points and authorities in response to any motion…constitutes a consent to the granting of the motion."

Because Defendants do not oppose Plaintiff's motion, Defendants have consented to the Court granting the motion. The Court also finds grounds to grant Plaintiff leave to amend his complaint.[2] There is no apparent bad faith or undue delay in the motion for leave to amend. The amendments do not appear to prejudice Defendants. Plaintiff's amendments do not appear to be futile, as Plaintiff has provided facially plausible grounds to add the new Defendants and claims to his complaint. This is Plaintiff's first motion for leave to amend the complaint.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Motion for Leave of Court to File First Amended Complaint, Extended Complaint, and Motion to Order Service (ECF No. 29) is GRANTED. The Clerk of Court will file the First Amended Complaint and Appendix. (ECF Nos. 29-1, 29-2).

Service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

Within 21 days of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file ex parte under seal the last known address(es) of those defendant(s) for whom it has such information. If the last known address

---

[2] The Court will not screen the amended complaint under 28 U.S.C. § 1915A, because Plaintiff was no longer a "prisoner" at the time that he filed his motion to amend.

3

of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within sixty (60) days from the date of this order.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

///

///

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 3rd day of May, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE