# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Marcos Pasaye, | Case No.: 2:17-cv-02574-JAD-VCF |
| Plaintiff | **Order Dissolving Injunction and Resolving All Other Pending Motions** |
| v. | |
| James Dzurenda, et al., | [ECF Nos. 27, 39, 40, 41, 45] |
| Defendants | |

Pro se plaintiff Marcos Pasaye was an inmate at Nevada's High Desert State Prison when he filed this civil-rights lawsuit challenging the Nevada Department of Corrections (NDOC) administrative regulations that precluded him from participating in Native American ceremonies because he is not of Native American descent nor a tribal member. Pasaye then successfully moved for an injunction directing that he be permitted to participate in the Native American ceremonies at his facility.[1] But the week after I granted that motion, Pasaye was paroled, so defendants move to "reconsider and vacate" the preliminary injunction, arguing that Pasaye's release has mooted this "case in controversy."[2] Though Pasaye's release is a changed condition that has eliminated his need for the injunction, this case is not moot because he also seeks damages for the alleged two-year deprivation of his religious-practice rights. So I dissolve the injunction as moot, but this case proceeds.

**I.     Motion for reconsideration [ECF No. 27]**

The March 22, 2019, order granting Pasaye's motion for preliminary injunction required NDOC and its employees to allow Pasaye to participate in the Native American ceremonies it

---

[1] ECF No. 25 (order).

[2] ECF No. 27.

allows for other Native American practitioners, including the sweat lodge, prayer circle, drum circle, smudging, and sacred pipe, and give him access to the Native American grounds.[3] Pasaye's release from HDSP just days later mooted the need for that injunction because he "is no longer subject to the prison conditions [and] policies he challenges," and this is not a class action.[4]

      Pasaye argues that his case satisfies an exception to the mootness because he faces a lengthy parole and lifetime supervision, "which gives a more likely than not chance that [he] will be reincarcerated and again subject to" the challenged prison policy.[5] But that possibility of reincarceration is too speculative a basis on which to conclude that Pasaye's claims are capable of repetition because it depends on him violating his parole or supervision conditions.[6] As the Ninth Circuit held in *Reimers v. Oregon* when considering a similar argument, "we will not apply the repetition doctrine because [the releasee] is able, and indeed is required by law, to prevent this from occurring."[7] So I dissolve the injunction.

      But Pasaye's release did not moot his claims. "It is firmly established that claims for monetary damages survive a prisoner's release from the officers' custody."[8] Because Pasaye

---

[3] ECF No. 25.

[4] *See Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) ("An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action." (quoting *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995)).

[5] ECF No. 31 at 4.

[6] *See Alvarez*, 667 F.3d at 1065.

[7] *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1988).

[8] *Rhodes v. Robinson*, 408 F.3d 559, 566 n.8 (9th Cir. 2005)

seeks damages for civil-rights violations that he claims occurred during his incarceration, a case or controversy remains.[9]

## II. Pasaye's motion to enforce order, for extension of time, and for contempt [ECF Nos. 39, 40, 41]

On May 3, 2019, the magistrate judge granted Pasaye leave to amend, directed the Clerk of Court to file his first amended complaint, and gave the Nevada Attorney General until May 24, 2019, to advise the court whether it could accept service for any of the defendants.[10] The order further stated that any defendant the AG accepts service for must respond to the first amended complaint by July 2, 2019.[11]

Apparently under the assumption that the defendants failed to do so, Pasaye moves the court to enforce that order, give him additional time to serve the defendants, and to hold the AG in contempt.[12] But Pasaye is mistaken; the AG timely responded by notifying the court on May 24, 2019, that it accepts service on behalf of all of the defendants.[13] The AG demonstrates that it mailed Pasaye a copy of that notice, but that mail was returned.[14] Because defendants timely complied with the court's order and have accepted service on behalf of all of the defendants,[15]

---

[9] *See* ECF No. 34. Although the defendants used loose language in their motion, stating that "there is no longer an ongoing 'Case' or 'Controversy' left to be adjudicated in this case," ECF No. 27 at 2, they concede in their reply brief that they weren't seeking dismissal, just an order vacating the injunction. *See* ECF No. 32.

[10] ECF No. 33.

[11] *Id.*

[12] ECF Nos. 39–41.

[13] ECF No. 36.

[14] ECF No. 42-1. Court mail that was sent to Pasaye around the same time was similarly returned, corroborating that claim. ECF No. 38.

[15] ECF No. 36.

3

Pasaye's motions to enforce the order and hold defendants in contempt[16] are denied. And because the AG has accepted service on behalf of all of the defendants, Pasaye needs no additional time to serve them, so I deny his motion to extend time to perfect service.[17]

**III.   Defendants' motion to extend time to respond to the amended complaint [ECF No. 45]**

Finally, defense counsel timely asks for a 45-day extension of the July 2, 2019, deadline[18] for defendants to respond to the amended complaint.[19] Good cause appearing, I grant that motion. However, I caution defense counsel that workload will not constitute good cause for a second extension of this response deadline.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that the Motion for Reconsideration **[ECF No. 27] is GRANTED in part: the injunction issued on March 22, 2019, is DISSOLVED** and no longer in effect;

IT IS FURTHER ORDERED that plaintiffs' motions to enforce order, extend time for service, and for contempt **[ECF Nos. 39, 40, 41] are DENIED**;

IT IS FURTHER ORDERED that defendants' motion for extension of the deadline to respond to the amended complaint **[ECF No. 45] is GRANTED: the July 2, 2019, deadline to respond to the amended complaint [ECF No. 34] is extended to August 16, 2019.**

Dated: July 5, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[16] ECF Nos. 39, 41.
[17] ECF No. 40.
[18] ECF No. 33.
[19] ECF No. 34.

4